UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SENSOR ELECTRONIC TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOLB, INC., et al., <br><br> Defendants. | Case No. 18-cv-05194-LHK (VKD) <br><br> **ORDER RE DISCOVERY DISPUTE RE DISCLOSURE OF POTENTIALLY INFRINGING PRODUCTS** <br><br> Re: Dkt. No. 40 |

Plaintiff Sensor Electronic Technology, Inc. ("SETi") seeks an order compelling defendant Bolb, Inc. ("Bolb") to produce samples of four Bolb light-emitting diodes (LEDs). Dkt. No. 40. SETi says that it has been unable to obtain samples of the Bolb LEDs for analysis from any source. Bolb objects to production on the ground that Bolb does not design, make, or select the LED that is used in the sole accused product in this action, and that the LEDs SETi seeks are not otherwise relevant to SETi's infringement claims.

The Court deems this matter suitable for decision without a hearing. Having considered the parties' submission, the Court denies SETi's motion.

I. **BACKGROUND**

According to its complaint, SETi owns six patents relating to ultraviolet LEDs. One patent is directed to a disinfection case for contact lenses. Dkt. No. 1, ¶ 12 and Ex. 2. The other five patents are directed to structures within the LEDs themselves. *Id.*, ¶¶ 13-17 and Exs. 3-7. SETi asserts "on information and belief" that Bolb and co-defendant Quantum Egg "are in the business of offering for sale, selling, and distributing products that incorporate UV LEDs," and that they "market and sell the Quantum Egg Contact Lens Disinfection Storage Case ("Q-Egg")." *Id.*, ¶¶ 6,

7.

For each of the six asserted patents, SETi accuses both Bolb and Quantum Egg of infringing one or more claim of each by offering to sell or selling the Q-Egg without authority within the United States or importing the Q-Egg into the United States without authority. *Id.* ¶¶ 18, 29, 37, 42, 47, 56. The complaint accuses only the Q-Egg product and the UV LEDs in the Q-Egg product.

SETi says that Bolb makes four UV LEDs that, like the accused LEDs in the Q-Egg, emit ultraviolet light centered on 265 nanometers. Dkt. No. 40 at 1. SETi acknowledges that it did not have enough information to assert in its complaint that any of the four Bolb LEDs infringes one or more of the asserted patents, and does not currently have enough information to chart infringement contentions against any of them. *Id.* at 2. SETi says that it sought discovery of information about the four Bolb LEDs before the deadline to serve infringement contentions, but Bolb refused to provide that information and has refused to sell SETi samples of the LEDs so that SETi may conduct an infringement analysis. *Id.*

Bolb denies that it makes, sells, offers to sell, distributes or imports the Q-Egg or the LEDs in the Q-Egg. Dkt. No. 26. It says that the Q-Egg is manufactured by a third party and incorporates third party LEDs, and that Bolb did not design, make, or choose the LEDs in the Q-Egg. Dkt. No. 40 at 5. Bolb says that not only did SETi not accuse any Bolb LEDs in the complaint, it has stated no basis for any such accusation. *Id.*

## II. DISCUSSION

### A. Standards Governing Discovery in Patent Cases

Discovery in patent infringement cases is informed by both the Patent Local Rules and the discovery rules of the Federal Rules of Civil Procedure. Patent Local Rule 2-5 makes the relationship between these two sets of rules clear:

> Except as provided in this paragraph or as otherwise ordered, it shall not be a ground for objecting to an opposing party's discovery request . . . that the discovery request . . . is premature in light of, or otherwise conflicts with, the Patent Local Rules, absent other legitimate objection. A party may object, however to responding to the following categories of discovery requests . . . on the ground that they are premature in light of the timetable provided in the Patent Local

2

Rules:

> (a) Requests seeking to elicit a party's claim construction or damages positions;
>
> (b) Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;
>
> (c) Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and
>
> (d) Requests seeking to elicit from an accused infringer the identification of any advice of counsel, and related documents.
>
> Where a party properly objects to a discovery request . . . as set forth above, that party shall provide the requested information on the date on which it is required to be provided to an opposing party under these Patent Local Rules or as set by the Court, unless there exists another legitimate ground for objection.

Patent L.R. 2-5.

SETi makes essentially three arguments in support of its motion to compel samples from Bolb. First, it argues that the discovery is "directly relevant to SETi's infringement claims" and not disproportionate or otherwise burdensome. Second, it argues that the discovery is "directly relevant to . . . Bolb's potential non-infringing alternatives." Third, it argues that, as a practical matter, an order compelling Bolb to produce samples is the only means SETi has to establish a Rule 11 basis to accuse the Bolb LEDs, and without such an order Bolb will be "free to sell potentially infringing products so long as it can fly below the radar." Dkt. No. 40 at 3. The Court considers each argument.

### B. Relevance to Infringement Claims

SETi acknowledges that neither its complaint nor its infringement contentions identify any Bolb LEDs as infringing. Generally, that should be the end of the inquiry, as SETi may only obtain discovery that is relevant to a claim or defense, and may only demand the disclosure documentation for accused instrumentalities identified in SETi's Patent Local Rule 3-1(c) charts. *See* Fed. R. Civ. P. 26(b)(1); Patent L.R. 3-4(a). As SETI accuses none of Bolb's LEDs of infringement, discovery of those LEDs cannot be "directly relevant" to SETi's infringement claims or responsive to its contentions, even if it would be easy for Bolb to provide samples of its

1    LEDs.[1]

Relying principally on Judge Seeborg's decision in *Aristocrat Technologies v. International Game Tech.*, No. C-06-03717 RMW (RS), 2009 WL 3573327 (N.D. Cal. Oct. 30, 2009), SETi appears to suggest that because Bolb sells UV LEDs that are suitable for use in a variety of devices, the four Bolb LEDs are likely to have the same infringing features as the accused Q-Egg. *See* Dkt. No. 40 at 2. SETi offers no other explanation for why it believes the Bolb LEDs infringe the asserted patents. Bolb responds that not only does SETi lack a reasonable basis to accuse the Bolb LEDs, it also lacks a reasonable basis to contend that the Bolb LEDs have the same infringing features.[2]

The *Aristocrat* decision is distinguishable in at least two respects. First, that decision considered the scope of plaintiff's discovery under a more permissive standard which allowed discovery "reasonably calculated to lead to the discovery of admissible evidence" and further allowed discovery of any matter relevant to the "subject matter of the action" upon a showing of "good cause." Fed. R. Civ. P. 26(b)(1) (2009). Rule 26(b)(1) was amended in 2015 to better describe meaningful constraints on the scope of discovery. *See Gilead Sciences, Inc. v. Merck & Co., Inc.*, Case No. 13-cv-04057 BLF, 2016 WL 146574 at *1 (N.D. Cal., Jan. 13, 2016).

Second, the disputed discovery at issue in *Aristocrat* concerned unaccused gaming machines *made by the defendant* that included the same functionality as accused gaming machines *also made by the defendant*. The court balanced the burden on the defendant of identifying machines with the same functionality from among hundreds of its unaccused gaming machines against the likelihood that such discovery would yield relevant and admissible evidence of additional infringing machines. The assessment SETi asks the Court to undertake here is quite different, as it seeks to compel a defendant with *no accused products* to produce samples for

---

[1] For purposes of this motion, and in view of SETi's concessions in the joint submission, the Court assumes, but does not decide, that SETi does not have a reasonable basis to accuse the four Bolb LEDs for which it seeks discovery that would pass muster under Rule 11 of the Federal Rules of Civil Procedure.

[2] The Court notes SETi's assertion that "defendants" sell the accused Q-Egg. *See* Dkt. No. 1. However, SETi does not contradict or even address Bolb's assertion that it does not make or sell the accused product.

4

SETI's analysis on the basis of infringement claims against an accused product *made by another defendant.*

The circumstances presented by SETi's motion are also distinguishable from those considered by Judge Ryu in *SAGE Electrochromics, Inc. v View, Inc.*, No. C-12-16441 JST (DMR), 2013 WL 4777164 (N.D. Cal. Sept. 6, 2013). In *SAGE Electrochromics*, the parties disputed the sufficiency of the plaintiff's infringement contentions based on publicly available information about the defendant's accused products, which were custom-made and not otherwise available for purchase. The court concluded that the plaintiff appropriately relied on publicly available information in formulating infringement contentions. The court then concluded that the contentions adequately informed the defendant of the plaintiff's infringement theories, and ordered the defendant to provide the documentation required by Patent L.R. 3-4(a). In that case, the plaintiff had not conceded, as SETi does here, that it lacked a reasonable basis to accuse the defendant's products in the first instance. *See id.* at *3 (observing that while defendant's motion to strike plaintiff's contentions "veers closely to making a Rule 11 argument about the adequacy of SAGE's pre-suit investigation," the merits of such argument were not before the court).

SETi has made no showing that Bolb's LEDs have substantially the same infringing structures as the accused Q-Egg LEDs. As SETi has not shown that the Bolb LEDs are relevant to SETi's existing infringement claims against the Q-Egg, SETi may not obtain discovery of Bolb simply because Bolb is also a provider of UV LEDs.

### C. Relevance to Non-Infringing Alternatives

SETi argues that discovery of the Bolb LEDs is relevant to the question of whether those LEDs are non-infringing alternatives to the accused Q-Egg LEDs. Bolb does not address this argument.

The existence of non-infringing alternatives to an accused feature or product is relevant to both reasonable royalty and lost profits damages determinations. *See Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1315 (Fed. Cir. 2014) (reasonable royalty), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (lost profits). The Patent Local Rules require the parties to

disclose their respective damages contentions. *See* Patent L.R. 3-8 and 3-9. SETi is correct that if Bolb or Q-Egg contend that Bolb's LEDs are non-infringing alternatives, SETi may be entitled to discovery of those LEDs. However, so far as the Court is aware, SETi's motion to compel discovery on that basis is premature, as neither Bolb nor Q-Egg makes such a contention at this time. *See* Patent L.R. 2-5(a).

### D. Practical Considerations

SETi frames the crux of its dilemma as one of fairness: "In essence, Bolb urges this Court to find that it is free to sell potentially infringing products so long as it can fly below the radar, hide its conduct, and prevent SETi from obtaining product samples." Dkt. No. 40 at 3. Bolb responds that SETi is merely on a "fishing expedition," which is also unfair. *Id.* at 8.

Where direct evidence is unavailable, a patent holder may rely on indirect evidence of infringement as part of its pre-filing investigation and in support of its infringement contentions, but it must have at least some reasonable basis for asserting infringement in the first instance. *See Intamin Ltd. v. Magnetar Techs., Corp.*, 483 F.3d 1328, 1338 (Fed. Cir. 2007) (complaint); *SAGE Electrochromics*, at *3 (infringement contentions). Here, however, SETi has not articulated any particular basis for believing that Bolb's LEDs infringe the asserted patents. For this reason, the Court is skeptical of SETi's argument that its only option to address Bolb's "potential infringement" is to demand that Bolb produce samples of the LEDs.

## III. CONCLUSION

For the reasons explained above, the Court denies SETi's motion to compel.

**IT IS SO ORDERED.**

Dated: February 12, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge